**In re: TUT SYSTEMS, INC. SECURITIES LITIGATION,**

v.

**TUT Systems, Inc.; Salvatore D'auria; Nelson Caldwell; Allen Purdy; Sanford Benett; Matthew Taylor, Defendants,**

v.

**Bruce Murphy, Movant—Appellant.**

No. 07–16282.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 13, 2009.

Filed March 19, 2009.

Bruce G. Murphy, Vero Beach, FL, for Plaintiffs–Appellees.

Boris Feldman, Esq., Wilson Sonsini, et al., Palo Alto, CA, Jennifer L. Cahill, Esq., Hitachi Global Storage Tech Inc. San Jose, CA, for Defendants,

Before: D.W. NELSON, W. FLETCHER and TALLMAN, Circuit Judges.

## MEMORANDUM *

Appellant Bruce Murphy brings this appeal in an attempt to order the lawyers representing the class in the underlying securities fraud case ("Class Counsel") to share part of their fees with him. Murphy makes two arguments. First, Murphy argues that he deserves compensation for his referral of clients to Class Counsel. Second, Murphy contends that his work in discovering and developing the basis of the suit entitles him to an award of fees, since it conferred a substantial benefit upon the class. *See In re Cendant Corp. Sec. Litig.,* 404 F.3d 173, 193–95 (3d Cir.2005) (discussing fee awards in class action cases under the PSLRA for work done before appointment of a lead plaintiff). The district court rejected both arguments. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

### 1. Compensation based on the referral of clients.

Murphy argues that he deserves an award of fees based on his referral of clients to Class Counsel. He contends that he had an agreement with Class Counsel whereby he should have received ten percent of any fee awarded.[1] The district court rejected this argument, noting that the clients referred by Murphy to Class Counsel did not suffer substantial damages and were not appointed lead

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Given the posture of the case, the district court treated Murphy's claim simply as a motion for attorneys' fees relying on the referral, rather than a formal breach of contract action. We do the same. Relatedly, we grant

Class Counsel's motion for judicial notice of the fact that Murphy has initiated breach of contract proceedings in state court in Florida. We take notice only of the fact that the action has been filed, and not of any of the underlying factual allegations. The outcome of these proceedings should have no effect on the merits of that action.

plaintiffs. Moreover, Murphy's clients were not the only plaintiffs to bring suit, and Class Counsel represented a number of clients in parallel suits, including the ultimate lead plaintiff. Murphy did not establish that his efforts in those early stages were pivotal to the success of the class action, and the district judge acted within her discretion in declining to award him fees. Whatever the merits of Murphy's arguments as a contract claim, the district judge was under no obligation to alter her award of fees to class counsel based on Murphy's referral of his clients.

**2. Compensation for work done before appointment of lead plaintiffs.**

Murphy also argues that it was only because of his efforts that this case was brought in the first place, and that he therefore should be awarded fees. The district judge rejected this argument, noting that Murphy had not presented sufficient evidence that any of his actions created, increased, or preserved the class's ultimate recovery. We agree. While it is possible that Murphy did some work in the early stages of the suit, he presented insufficient evidence to compel an award of attorneys' fees. The district judge did not abuse her discretion in her findings or her legal conclusions.

Accordingly, we AFFIRM the order of the district court.